**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LYNDSEY PAIGE COOPER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | **CASE NO.: 1:21-cv-00431-MU** |
| **CITY OF SPANISH FORT,** | * | |
| **ALABAMA, MICHAEL MURPHY** | * | |
| **MCMILLAN, and MARY LYNN G.** | * | |
| **WILLIAMS,** | * | |
| **Defendants.** | * | |

## ANSWER

Defendant Michael Murphy McMillan answers the Plaintiff's Complaint as follows:

### I.  INTRODUCTION

1.     Denied.

### II.  JURISDICTION

2.     This Defendant admits that Plaintiff seeks to invoke the jurisdiction of this Court and attempts to bring this action pursuant to 42 U.S.C. § 1983; however, this Defendant denies that Plaintiff is entitled to any relief for the claims alleged in this case.

### III.  PARTIES

3.     This Defendant admits that Lyndsey Paige Cooper is a citizen of the State of Alabama.  This Defendant further admits that the Plaintiff was, at one time, employed as a Magistrate with the City of Spanish Fort, Alabama.

4.     This Defendant admits that City of Spanish Fort is a municipal corporation organized and existing under the laws of the State of Alabama.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

5.      This Defendant admits that he is the Mayor of the City of Spanish Fort.   This Defendant admits that his legal fees were approved and paid for by the City.   Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

6.      Admitted.

## IV.  FACTS OF THE CASE

7.      Denied.

8.      This Defendant admits that Lyndsey Cooper worked for the City of Spanish Fort from approximately October 11, 2010 until June 1, 2020.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

9.      Admitted.

10.     This Defendant admits that while working as a City Magistrate, the Plaintiff would have performed some of the duties outlined in this paragraph.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

11.     This Defendant admits that Cooper worked for the City until she was terminated on June 1, 2020.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

12.     This Defendant admits that on the afternoon of October 1, 2019, he entered the receptionist area at the Community Center and discussed some issues relating to the City's website with Lyndsey Cooper and Carol Caldwell.  This Defendant admits that Cooper told him that the City's website had been taken down and deleted by another employee, Heather Allen. This Defendant further admits that he then left the receptionist area.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

13.     This Defendant admits that he spoke with Ms. Allen and then returned to the receptionist area to speak with Lyndsey Cooper and Carol Caldwell to explain what happened with the website.  This Defendant further admits that he went to Carol Caldwell's computer screen to explain what happened to the website.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

14.     This Defendant admits that he attempted to swipe the desktop computer screen believing it to be a touchscreen device.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

15.     Denied.

16.     This Defendant admits that he and Cooper moved toward the hallway while having a discussion at this time.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

17.     This Defendant admits that a portion of his interaction with the Plaintiff was recorded on video, but denies the video shows he slapped the Plaintiff. This Defendant further admits that other employees overheard some of his discussion with Cooper.  This Defendant denies the remaining allegations of this paragraph.

18.     Defendant admits he told Chief Edgar he had a blow up.

19.     Upon information and belief, this Defendant admits that Cooper and Caldwell reported to Mary Lynn Williams on October 3, 2019, that they had had raised voices with McMillan regarding the website on October 1, 2019.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

20.     Upon information and belief, admitted.

21.     Upon information and belief, a recording which is protected by the attorney-client privilege and work product doctrine was surreptitiously made by the Plaintiff during a meeting.

22.     Upon information and belief, this Defendant admits that Cooper met with Mary Lynn Williams and David Conner on October 9, 2019.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

23.     Upon information and belief, this Defendant admits that Cooper met with Williams and Conner on October 10, 2019. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

24.     This Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

25.     Upon information and belief, this Defendant admits that Cooper was assigned some duties along with other City employees regarding the City's Christmas parade.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

26.     Admitted.

27.     Upon information and belief, denied.

28.     Upon information and belief, this Defendant admits the language quoted in paragraph 28 was part of the draft memo. Any remaining allegations of this paragraph are denied.

29.     This Defendant admits that employees always have the right to resign their employment with the City.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

30.     This Defendant admits that he turned himself in, bonded out, and was ordered to have no contact with Plaintiff Cooper on October 31, 2019.   This Defendant is without

knowledge or information sufficient to admit or deny the truth of the remaining allegations of this paragraph; therefore, same are denied.

31.     This Defendant admits that, in accordance with the no contact order entered by the Court and communications with the District Attorney's Office, the City imposed procedures regarding his movement and the Plaintiff's movement on the administrative hall at the Community Center when he was present, among other procedures.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

32.     This Defendant admits that, in accordance with the no contact order entered by the Court and communications with the District Attorney's Office, the City imposed procedures regarding his movement and the Plaintiff's movement on the administrative hall at the Community Center when he was present, among other procedures.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

33.     Upon information and belief, admitted.

34.     This Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

35.     This Defendant admits that, in accordance with the no contact order entered by the Court and communications with the District Attorney's Office, the City imposed procedures regarding his movement and the Plaintiff's movement on the administrative hall at the Community Center when the Mayor was present, among other procedures.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

36.     This Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

37.     Denied.

38.     Upon information and belief, this Defendant admits that on January 31, 2020, Cooper was directed by Williams to cover the receptionist duties in addition to her magistrate duties, based on the resignation of one employee and the subsequent promotion of another employee.  Upon information and belief, this Defendant further admits that Cooper expressed concern about having court documents in the receptionist area and that she was informed to shield any sensitive documents from public view if someone approached the receptionist desk. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

39.     This Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

40.     Upon information and belief, this Defendant admits that Cooper was informed on several occasions to perform her magistrate work at the front desk while covering the receptionist duties and to conceal any sensitive documents while doing so just as the other magistrates had done when they were covering the receptionist desk.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

41.     This Defendant denies that Cooper was held hostage in her office at any time as she could have left the office as needed in accordance with the procedures that had been put in place by the City in accordance with the No Contact Order entered by the Court and through consultation with the District Attorney's Office.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

42.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event. Further, it is denied the Plaintiff was ever kept isolated in her office.

43.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event.

44.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event.

45.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event. Further, it is denied the Plaintiff was ever kept isolated in her office.

46.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event. Further, it is denied the Plaintiff was ever kept isolated in her office.

47.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event. Further, it is denied the Plaintiff was ever kept isolated in her office.

48.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event. Further, it is denied the Plaintiff was ever kept isolated in her office.

49.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event. Further, it is denied that Plaintiff was prevented from going to the kitchen for water.

50.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event.

51.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event.

52.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event.

53.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event.

54.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event.

55.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event.

56.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event.

57.     This Defendant denies the allegations of this paragraph for lack of information sufficient to justify a belief therein as he has no specific recollection of this event.

58.     Upon information and belief, denied. In developing Covid protocols and procedures, the City followed guidelines from the Centers for Disease Control (CDC) and the Alabama Department of Public Health so that screenings could be performed of anyone visiting the Community Center for the protection of City employees, including the Plaintiff, as well as residents of the City.

59.     This Defendant admits that the City received certain federal funding from the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").   Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

60.     Upon information and belief, this Defendant admits that Williams informed Cooper on said date that Cooper was to assist in performing screenings of visitors to the Community Center in accordance with the protocols and procedures developed by the City based

on the guidelines of the CDC and the Alabama Department of Public Health.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

61.     This Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

62.     Upon information and belief, this Defendant admits that Defendant Williams summoned Plaintiff Cooper to the conference room on May 27, 2020, at 12:30 p.m.  Defendant further admits that Williams and City Council Member Mary W. Brabner gave Plaintiff a written reprimand because Cooper refused to take the temperatures of the public entering the building. Upon information and belief, this Defendant further admits Cooper was given the rest of the day off with administrative pay.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

63.     Upon information and belief, this Defendant admits Plaintiff was again asked on May 28, 2020, to perform temperature checks and she again refused, after which she was put on paid administrative leave. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

64.     Upon information and belief, denied.

65.     Upon information and belief, this Defendant admits that Plaintiff was given notice of a pre-disciplinary meeting scheduled for May 29, 2020, at 10:00 a.m. at the Spanish Fort Community Center.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; therefore, same are denied.

66.     Upon information and belief, this Defendant admits that a pre-disciplinary meeting was held on May 29, 2020, by City Council Member and Chairman Pro Tempore of the City Council, Mary Brabner, along with Mary Lynn Williams and a private attorney hired by the

City.  Upon information and belief, this  Defendant further admits that Brabner indicated at the end of the meeting that she wanted the weekend to think about a decision regarding the potential termination of Plaintiff Cooper.  Upon information and belief, this Defendant further admits that Cooper was later terminated.   Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

67.     Upon information and belief, this Defendant admits that Plaintiff's employment with the City was terminated on June 1, 2020 and that Plaintiff appealed her termination. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; therefore, same are denied.

68.     Denied.

69.     Denied.

70.     This Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

71.     Upon information and belief, this Defendant admits that on June 10, 2020, at 10:00 a.m., a disciplinary hearing was held at the Spanish Fort Community Center and in attendance were Mary Lynn Williams, Chairman Pro Tempore of the City Council, Mary Brabner, City attorneys, attorney Ed Smith for Cooper, and court reporter Charlie Payne.  Upon information and belief, this Defendant denies that Cooper was not allowed any assistance at the hearing by her attorney; however, Cooper's attorney was not allowed to question witnesses in accordance with the City Personnel Manual that applied to that hearing.   Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

72.     Upon information and belief, this Defendant admits that Cooper testified at the disciplinary hearing and further admits that the other listed witnesses testified.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

73.     Upon information and belief, this Defendant admits that the hearing was recorded and transcribed.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

74.     Upon information and belief,  this Defendant admits that the termination of Plaintiff's employment was affirmed by City Council Member and Chairman Pro Tempore Mary Brabner following a disciplinary hearing.  Defendant is without knowledge or information sufficient to admit or deny the truth of the remaining allegations of this paragraph; therefore, same are denied.

75.     Upon information and belief, this Defendant admits that Plaintiff appealed her termination.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

76.     Upon information and belief, this Defendant admits that the Spanish Fort City Council voted unanimously to affirm Plaintiff's termination on July 6, 2020 but denies that Plaintiff was not allowed to be present or present any testimony.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; therefore, same are denied.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

77.     Upon information and belief, denied.

78.     Upon information and belief, denied.

79.     Upon information and belief, the City has consistently invoked the attorney-client privilege and work product doctrine as it relates to this incident between the Mayor and Cooper and the investigation conducted by the City attorney into those allegations.   Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

80.     Upon information and belief, denied.

81.     Upon information and belief, denied.

82.     Upon information and belief, denied.

83.     Upon information and belief, denied.

84.     Upon information and belief, denied.

85.     This Defendant admits that the City terminated Cooper for reasons unrelated to the incident involving him.   Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

86.     Denied.

87.     Denied.

88.     This Defendant admits that Plaintiff instituted criminal proceedings against him. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

89.     This Defendant admits that the criminal trial was held in the Baldwin County Courthouse on October 16, 2020.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

90.     This Defendant admits that he was represented by two attorneys at the criminal trial.  This Defendant admits that the City attorney filed a motion in the criminal trial that was granted protecting the attorney-client privilege and/or work product doctrine regarding the City's internal investigation.  This Defendant admits that the City ultimately paid the legal fees for this

Defendant's defense after he was found not guilty of all charges. This Defendant further admits that Cooper had counsel of her own in attendance at the criminal trial in addition to the prosecutor. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

91.     Denied.

92.     Denied.

93.     This Defendant admits that the judge presiding over the criminal trial issued an acquittal of me at the end of that trial. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

94.     Denied.

95.     This Defendant admits that Mary Lynn Williams provided testimony that she learned in a meeting with Lyndsey Cooper on October 7, 2019, that Cooper was alleging that I had slapped her. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

96.     Denied.

97.     This Defendant does not recall the specific statement made to the press following his acquittal. This Defendant further denies the remaining allegations of this paragraph.

98.     This Defendant admits that the referenced policy is the policy of the City to afford equal employment opportunity based on an individual's demonstrate ability, job-related experience and training, and performance without regard to race, color, religion, sex, national origin, age, disability, or political affiliation. This Defendant specifically denies that the City violated any obligations or duties under the Personnel Manual of the City. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

99.     Denied.  The City adopted a Covid protocol to protect all City employees, including the Plaintiff, and residents or citizens coming to the Community Center based on guidance or guidelines from the CDC and the Alabama Department of Public Health.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.  The City adopted a Covid protocol to protect all City employees, including the Plaintiff, and residents or citizens coming to the Community Center based on guidance or guidelines from the CDC and the Alabama Department of Public Health.

104.    Denied.

105.    Upon information and belief, this Defendant admits that on or about May 28, 2020, Plaintiff Cooper was put on paid administrative leave.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

106.    Denied.

107.    Denied.

108.    Denied.  Upon information and belief, the Plaintiff was provided an oral warning and a written warning in addition to a pre-disciplinary hearing, a full disciplinary hearing and an appeal to the full City Council.

109.    Upon information and belief, this Defendant admits that Cooper was required to perform receptionist duties in addition to her work as a City Magistrate.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

110.    Denied.

111.    Denied.  Plaintiff is the one who made this issue public.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Upon information and belief, this Defendant admits that Plaintiff had certain due process rights and that those due process rights were met as she was given an oral warning, a written warning, a pre-disciplinary hearing, a full disciplinary hearing, and an appeal to the full City Council.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.   Upon information and belief, the City engaged in an extensive investigation of the allegations made by the Plaintiff.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

## IV.  FEDERAL LAW VIOLATIONS

132.   This Defendant adopts his prior responses.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

**AS TO COUNT I**
**Federal Law**
**Violation of 42. U.S.C. § 1983 – First Amendment**

137.   This Defendant adopts his prior responses.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

**AS TO COUNT II**
**Federal Law**
**Violation of 42 U.S.C. § 1983 – Fourteenth Amendment**
**Failure to Supervise and Train by City of Spanish Fort,**
**Defendants Michael McMillan and Mary Lynn G. Williams**

145.   This Defendant adopts his prior responses.

146.    This Defendant admits that he is charged generally with the day-to-day operations of the City and Williams was the City Clerk and generally charged with the supervision of the Plaintiff.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

147.    Denied.

148.    Denied.

## AS TO COUNT III
### Violation of 42 U.S.C. § 1983 – Fourteenth Amendment
### Violation of Procedural due Process and Substantive Process

149.    This Defendant adopts his prior responses.

150.    This Defendant admits that Plaintiff had certain due process rights and that those due process rights were met as she was given an oral warning, a written warning, a pre-disciplinary hearing, a full disciplinary hearing, and an appeal to the full City Council.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

**AS TO COUNT IV**
**Conspiracy under 42 U.S.C. § 1985**

160.    This Defendant adopts his prior responses.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

**AS TO COUNT V**
**State Law**
**Negligent and Wanton Supervision, Training and Retention**

167.    This Defendant adopts his prior responses.

168.    Denied.

169.    This Defendant admits that there are certain laws protecting individuals from retaliation and discrimination in the workplace.  This Defendant denies that the City violated any such provisions in this case.   Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

**AS TO COUNT VI**
**State Law**
**Invasion of Privacy: False Light**

174.    This Defendant adopts his prior responses.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.  Plaintiff is the one who made this issue public.

184. Denied.

185. Denied.

**AS TO COUNT VII**
**State Law**
**Assault/Battery**

186. This Defendant adopts his prior responses.

187. Denied.

188. Denied.

189. Denied.

**AS TO COUNT VIII**
**State Law**
**Outrage/Intentional Infliction of Emotional Distress**

190. This Defendant adopts his prior responses.

191. Denied.

192. Denied.

193. Denied.

194.    Denied.

## AS TO COUNT IX
## State Law
## Invasion of Privacy

195.    This Defendant adopts his prior responses.

196.    Denied.

197.    Denied.

198.    Denied.

## AS TO COUNT X
## State Law
## Freedom of Information Law

199.    This Defendant adopts his prior responses.

200.    Admitted.

201.    This Defendant admits that Plaintiff requested information from the City.   Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

202.    Denied.

203.    Denied.

## AS TO REQUEST FOR RELIEF

204.    This Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint and specifically denies the specific requests for relief as follows:

A.    Denied.

B.    Denied.

C.    Denied.

D.    Denied.

E.    Denied.

F.      Denied.

G.      Denied.

H.      Denied.

I.      Denied.

J.      Denied.

K.      Denied.

## AFFIRMATIVE DEFENSES

### FIRSTAFFIRMATIVE DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Defendant pleads the general issue and contends that Plaintiff cannot establish a prima facie case under any theory of recovery.

### THIRD AFFIRMATIVE DEFENSE

This Defendant asserts the defense of State immunity, State-agent immunity, sovereign immunity and immunity under Article 1, § 14 of the Alabama Constitution.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff does not possess any viable claim for wrongful termination under Alabama law.

### FIFTH AFFIRMATIVE DEFENSE

This Defendant asserts that Plaintiff received all of the due process to which she was entitled under law.

### SIXTH AFFIRMATIVE DEFENSE

This Defendant claims the protection of all statutory caps on damages.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant claims the benefit of all statutes and the common law conferring immunity or protection to governmental entities and their employees.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant asserts that Plaintiff is barred from recovery under the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

This Defendant asserts the defense of estoppel.

## TENTH AFFIRMATIVE DEFENSE

This Defendant asserts the defense of accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

The City of Spanish Fort would have reached the same employment decision in the absence of any alleged bias or improper motive.

## TWELFTH AFFIRMATIVE DEFENSE

This Defendant asserts the defense of contributory negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any claim or cause of action asserted against this Defendant under state law is barred due to Plaintiff's failure to comply with the applicable statute of non-claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant made good faith efforts to comply with applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or

conditions of an independent character over whom this Defendant had no duty or ability to control thereby constituting an independent cause resulting in injury to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts the defenses of issue preclusion, claim preclusion and/or res judicata.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts that Plaintiff's first amended claims are due to fail because there was no speech related to any matter of public concern.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts that Plaintiff's claims do not support any constitutional claims against this Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the failure to mitigate damages.

## TWENTIETH AFFIRMATIVE DEFENSE

This Defendant pleads the defense of lack of consideration or failure of consideration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the provision of adequate post-deprivation procedures.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the failure to exhaust administrative remedies.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

This Defendant asserts the protections and benefits of *Alabama Code* §11-47-190.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant asserts the protections and benefits of *Alabama Code* §11-47-191.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant asserts the protections and benefits of *Alabama Code* §11-93-1, *et seq.*

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

An award of mental anguish damages in this case will violate this Defendant's due process and equal protection rights guaranteed by the United States Constitution and the Constitution of the State of Alabama because juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This Defendant claims the benefit of all statutes limiting the liability of governmental entities and their employees or otherwise limiting the collection of judgments against governmental entities and their employees under Alabama law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, mistake, mutual mistake, ratification, consent and acquiescence.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she failed to satisfy all administrative conditions precedent to filing these claims, including but not limited to, filing a Charge of Discrimination within 180 days of any alleged event about which she now complains.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent the Plaintiff raises claims that are not like or related to those included in her Charge of Discrimination with the EEOC, she cannot pursue those claims in this case.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The challenged employment decisions were based on legitimate, non-discriminatory, non-retaliatory reasons that were not pre-textual.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

While denying that discrimination, retaliation or any other impermissible factor played any role with respect to any employment decision or act complained of by the Plaintiff, This Defendant asserts that the City of Spanish Fort would have taken the same actions regardless of any alleged improper or impermissible motive.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

This Defendant asserts that Plaintiff cannot maintain any due process or free speech claim under the facts of this case.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain any claim for punitive damages against this Defendant.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from the recovery of special damages because she has failed to plead such damages in the manner required by the Federal Rules of Civil Procedure.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent the Court determines Plaintiff's claims to be frivolous, groundless in fact, or vexatious, or interposed for any improper purpose, this Defendant is entitled to recover his

attorneys' fees and costs pursuant to the Federal Rules of Civil Procedure and the Alabama Litigation Accountability Act.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent not expressly denied, this Defendant denies all allegations in the Complaint not specifically admitted herein.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This Defendant asserts good faith.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This Defendant asserts assumption of the risk.

## FORTIETH AFFIRMATIVE DEFENSE

This Defendant asserts lack of proximate cause.

## FORTY-FIRST AFFIRMATIVE DEFENSE

This Defendant asserts qualified immunity.

## FORTY-SECOND AFFIRMATIVE DEFENSE

This Defendant asserts that he is entitled to substantive immunity, discretionary function, and municipal immunity pursuant to Code of Alabama Section 11-47-190 (1975) and *Ex parte Cranman, Ex part Butts*, and their progeny.

## FORTY-THIRD AFFIRMATIVE DEFENSE

This Defendant avers he took no actions in his individual capacity.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant denies the existence of any policy, practice, or custom that allegedly results in the deprivation of Plaintiff's constitutional rights.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant asserts Plaintiff did not in good faith engage in a Constitutionally protected activity.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

This Defendant asserts Plaintiff did not engage in public speech that triggered First Amendment protections.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

This Defendant pleads failure to mitigate.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

a.      Due Process Clause – Fourteenth Amendment to the Constitution of the United States: Punitive damages are vague and not rationally related to legitimate governmental interests.

b.      Sixth Amendment to the Constitution of the United States: Punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

c.      Self-incrimination Clause – Fifth Amendment to the Constitution of the United States: It violates the right against self-incrimination to impose punitive damages against the Defendant that are penal in nature yet compel the Defendant to disclose potentially incriminating documents and evidence.

    d.    Excessive Fines Clause – Eighth Amendment to the Constitution of the United States: In the event that any portion of a punitive damages award against the Defendant was to inure to the benefit of any state or governmental or private entity other than the Plaintiffs, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

## FORTY-NINTH AFFIRMATIVE DEFENSE

To the extent they are not inconsistent, this Defendant adopts and incorporates herein all defenses of any other defendant.

## FIFTIETH AFFIRMATIVE DEFENSE

This Defendant incorporates by reference all affirmative defenses of Rule 8 of the Federal Rules of Civil Procedure including, but not limited to, accord and satisfaction, assumption of the risk, contributory negligence, estoppel, fraud, laches, *res judicata*, statute of limitations, indemnity, waiver, unclean hands, lack of a justiciable controversy, and any other matter constituting an avoidance or affirmative defense, to the extent that discovery may reveal the applicability of such defenses, so as to avoid waiver of such defenses.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

This Defendant pleads the *Mt. Healthy* doctrine.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

The State Employees Protection Act, Ala. Code §36-26A-1 (1975), *et seq.*, does not apply to Plaintiff.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Even if the State Employees Protection Act applied to Plaintiff, Plaintiff cannot state a cause of action pursuant to the State Employees Protection Act, and she did not engage in any activity that would trigger the protections of the Act.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

With respect to the Plaintiffs' demand for punitive damages, this Defendant specifically incorporates by reference all standards or limitations regarding the determination and/or enforceability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore*, 517 U.S. 559 (1996).

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to raise different and additional defenses as discovery progresses.

/s/Mark L. Redditt
MARK L. REDDITT
JACLYN C. DIARD
*Attorneys for Defendant Michael Murphy McMillan*
MAYNARD, COOPER & GALE, P.C.
11 North Water Street
Mobile, AL 36602
Telephone: 251.432.0001
Fax: 251.432.0007
Email: mredditt@maynardcooper.com
jdiard@maynardcooper.com

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I have on this 3rd day of December, 2021 filed the foregoing pleading with the Court via the CM/ECF Filing System which will automatically forward an electronic copy of same to all counsel of record.

*/s/Mark L. Redditt*                 
MARK L. REDDITT
